WGB Doc#2121184 490-99999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ABC BUSINESS FORMS, INC.,

Plaintiff,

v.

PRIDAMOR, INC., d/b/a MEDIA PLUS, and JOHN DOES 1-10,

Defendants.

Court No.

FILED: MAY 28, 2009
09CV3222
JUDGE GUZMAN
MAGISTRATE JUDGE KEYS
BR

**NOTICE OF REMOVAL**

TO: The Honorable Judges of United States District Court for the Northern District of Illinois, Eastern Division

CC: Daniel A. Edelman, Esq.
Michelle R. Teggelarr, Esq.
Julie Clark, Esq.
Heather A. Kolbus, Esq.
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street, 18th Floor
Chicago, IL 60603

NOW COMES one of the defendants herein, Pridamor Toronto Inc., sued herein as Pridamor, Inc. d/b/a Media Plus (hereinafter referred to as "Pridamor"), by and through its attorneys, William G. Beatty, Garrett Boehm, Jr. and Meghan Sciortino; Johnson & Bell, Ltd., of counsel, and giving notice of the removal of the above-entitled cause from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441(b) and 1453(b) here states as follows:

1. This action is being removed to federal court on the basis of this Court's federal question jurisdiction over claims arising under the laws of the United States, to wit: The Telephone Consumer Protection Act, 47 U.S.C. § 227.

2. Plaintiff, ABC Business Forms, Inc., individually and as the purported representative of a class of allegedly similarly-situated persons, has heretofore filed a three-count Class Action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Case No. 09CH16047 against defendant Pridamor, along with unnamed and unserved "John Doe" Defendants 1-10, alleging violations of the federal statute known as the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), by virtue of the alleged transmission, by defendant Pridamor, of unsolicited facsimiles that were allegedly sent to plaintiff along with "at least 40 other persons in Illinois," purportedly without first receiving the recipients' expressed permission or invitation to send such communications. (See paragraphs 7-13 of plaintiff's Class Action Complaint.)

3. Along with the alleged violation of the TCPA, which plaintiff claims in Count I of its Class Action Complaint, plaintiff also alleges violation of an Illinois statute known as the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, by virtue of the transmission of allegedly unsolicited fax advertising to plaintiff and other members of the purported class. (See Count II of plaintiff's Class Action Complaint).

4. Additionally, plaintiff also alleges, for itself and those who are purportedly similarly-situated, a claim for common law conversion, for alleged misappropriation by the defendant of the paper, ink or toner of plaintiff's fax machine in conjunction with the receipt and printing of the allegedly unauthorized one-page fax, a copy of which is attached as Exhibit A to plaintiff's Complaint.

5. The aforementioned action is of a wholly civil nature, and is one over which the United States District Court for the Northern District of Illinois, Eastern Division, has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 (as to Count I of the Class Action Complaint) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (as to Counts II and III of the Class Action Complaint), and is therefore one which may be removed to this Court by defendant Pridamor pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1453(b), for the reasons more fully set forth below.

6. This Court has valid subject matter jurisdiction (in the form of federal question jurisdiction) over this action because plaintiff's Class Action Complaint is based, in part, upon this defendant's alleged violation of federal law, to wit: The Telephone Consumer Protection Act, 47 U.S.C. § 227, as to which the Court of Appeals for the Seventh Circuit, as well as trial courts of the Northern District of Illinois, Eastern Division, have held that the aforementioned federal statute provides a basis for removal to federal court with regard to claims arising thereunder. See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005); CE Design Ltd. v. Tomassone, 2007 U.S. Dist. LEXIS 72190 (N.D.Ill. 2007); G.M. Sign, Inc. v. Franklin Bank, S.S.B., 2006 U.S. Dist. LEXIS 29667 (N.D.Ill. 2007).

7. Pursuant to the provisions of 28 U.S.C. § 1367, this Court may also exercise valid supplemental jurisdiction over the state common law and state statutory claims set forth in plaintiff's Class Action Complaint (Counts II and III) insofar as they are so related to the claim over which the Court has valid federal question jurisdiction (Count I) that they form part of the same case or controversy under Article III of the United States Constitution.

8. Insofar as the claims set forth in the plaintiff's Class Action Complaint are ones over which the United States District Court for the Northern District of Illinois, Eastern Division,

has valid subject matter jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1331 and 1367, said claims are therefore ones which may properly be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1453(b). Venue of this cause is proper in the Northern District of Illinois, Eastern Division, pursuant to the provisions of 28 U.S.C. § 1391(b) insofar as a substantial part of the events giving rise to plaintiff's claim occurred within this judicial district.

9. The consent of the "John Doe" defendants is not required for removal of a class action, pursuant to 28 U.S.C. § 1453(b), nor is consent to removal required of defendants yet to be served. (See, P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co., 395 F.2d 546 (7th Cir. 1968) and Shaw v. Dow Brands Inc., 994 F.2d 364 (7th Cir. 1993)). To the best of Pridamor's knowledge, no other defendants have been served in this matter as of the date of the filing of this Notice of Removal.

10. This Notice of Removal is being filed within 30 days of the April 28, 2009, the date on which service of summons was effectuated upon defendant Pridamor, and is therefore timely pursuant to the provisions of 28 U.S.C. § 1446(b).

11. In accordance with the provisions of 28 U.S.C. § 1447(b), there are attached to this Notice of Removal true and correct copies of all records and pleadings served by plaintiff's counsel upon the removing defendant.

12. Pursuant to the provisions of 28. U.S.C. § 1446(d), defendant Pridamor shall give prompt written notice of the removal of this cause to the plaintiff, by his counsel, and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

WHEREFORE, the defendant, Pridamor Toronto Inc., sued herein as Pridamor, Inc. d/b/a Media Plus, gives notice to this Honorable Court of the removal of this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division, and respectfully requests that this Honorable Court assume jurisdiction over the claims asserted in the plaintiff's Class Action Complaint to the same extent and degree as if this matter had been originally filed in this Court.

Respectfully submitted,

**s/ William G. Beatty**
William G. Beatty Bar Number: 03121542
Attorney for Defendant
*Pridamor Toronto Inc.*
Of counsel
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-2881
E-mail: beattyw@jbltd.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2009, I electronically filed the foregoing document with the United States District Court using the CM/ECF system and will send notification of such filing to:

Daniel A. Edelman, Esq.
Michelle R. Teggelarr, Esq.
Julie Clark, Esq.
Heather A. Kolbus, Esq.
Edelman, Combs, Latturner & Goodwin, LLC
120 South LaSalle Street, 18th Floor
Chicago, IL 60603

via first-class, U.S. mail, postage prepaid.

**s/ William G. Beatty**
William G. Beatty Bar Number: 03121542
Attorney for Defendant
*Pridamor Toronto Inc.*
Of counsel
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-2881
E-mail: beattyw@jbltd.com