09CV3222
JUDGE GUZMAN
MAGISTRATE JUDGE KEYS
BR

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

CCG N001-10M-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY _____ DIVISION

(Name all parties)

ABC BUSINESS FORMS, INC.,

v.

PRIDAMOR, INC., doing business as MEDIA PLUS, and JOHN DOES 1-10

No. O9-CH-16047

Pridamor, Inc., d/b/a Media Plus
c/o Person in Charge of Office
6311 Inducon Corporate Dr.
Unit 10
Sanborn, NY 14132-9099

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |

| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

| Atty. No.: 41106 | WITNESS, _____, |
| Name: Edelman, Combs, Latturner & Goodwin LLC | APR 21 2009 |
| Atty. for: Plaintiff | |
| Address: 120 S. LaSalle St. 18th Fl. | DOROTHY BROWN |
| City/State/Zip: Chicago, IL 60603 | Date of service: _____ |
| Telephone: 312-739-4200 | (To be inserted by officer on copy left with defendant or other person) |

Service by Facsimile Transmission will be accepted at: _____    312    419-0379
                                                                    (Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ABC BUSINESS FORMS, INC.,                )
                                          )
    Plaintiff,                         )
                                          )
    v.                                 )
                                          )
PRIDAMOR, INC., doing business as,        )
MEDIA PLUS, and JOHN DOES 1-10,           )
                                          )
    Defendants.                        )

## COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.    Plaintiff ABC Business Forms, Inc., brings this action to secure redress for the actions of defendant Pridamor, Inc., doing business as, Media Plus, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.    The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.     Plaintiff ABC Business Forms, Inc., is a corporation with offices at 5654 N. Elston Avenue, where it maintains telephone facsimile equipment.

4.     Defendant Pridamor, Inc., is a New York corporation that has offices at 6311 Inducon Corporate Drive, Unit 10, Sanborn, New York 14132.

5.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

a.     Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

b.     Have transacted business in Illinois.

## FACTS

7.     Plaintiff ABC Business Forms, Inc., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.     Discovery may reveal the transmission of additional faxes as well.

9..     Defendant Pridamor, Inc., is responsible for sending or causing the sending of the faxes.

10.     Defendant Pridamor, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

11.     Plaintiff had no prior relationship with defendant and had not authorized

2

the sending of fax advertisements to plaintiff.

12.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

13.     On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

14.     There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

15.     Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

16.     Plaintiff incorporates ¶¶ 1-15.

17.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

18.     The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation,**

3

**whichever is greater, or**

**(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

19.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

20.     Plaintiff and each class member is entitled to statutory damages.

21.     Defendants violated the TCPA even if their actions were only negligent.

22.     Defendants should be enjoined from committing similar violations in the future.

**CLASS ALLEGATIONS**

23.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Pridamor, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

24.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

25.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common

4

questions include:

              a.       Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

              b.       The manner in which defendants compiled or obtained their list of fax numbers;

              c.       Whether defendants thereby violated the TCPA;

              d.       Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

              e.       Whether defendants thereby converted the property of plaintiff.

       26.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

       27.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

       28.     Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service,

Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P.

Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146

P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961

So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inc. v. Graphics House Sports

Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008); ESI Ergonomic Solutions, LLC v.

United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding

Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc.,

245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American

Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

      29.    Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

      WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

      a.    Actual damages;

      b.    Statutory damages;

      c.    An injunction against the further transmission of unsolicited fax

advertising;

      d.    Costs of suit;

      e.    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

      30.    Plaintiff incorporates ¶¶ 1-15.

      31.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2,

815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

32.     Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

33.     Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

34.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

35.     Defendants engaged in such conduct in the course of trade and commerce.

36.     Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

37.     Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

38.     Defendants should be enjoined from committing similar violations in the future.

7

## CLASS ALLEGATIONS

39.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Pridamor, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

40.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

41.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

      b.     Whether defendants thereby violated the TCPA;

      c.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

      d.     Whether defendants thereby converted the property of plaintiff.

42.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

43.     A class action is an appropriate method for the fair and efficient

8

adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

44. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.     Appropriate damages;

        b.     An injunction against the further transmission of unsolicited fax advertising;

        c.     Attorney's fees, litigation expenses and costs of suit;

        d.     Such other or further relief as the Court deems just and proper.

### COUNT III – CONVERSION

45. Plaintiff incorporates ¶¶ 1-15.

46. By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

47. Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

48. By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

9

49.     Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

50.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

51.     Defendants should be enjoined from committing similar violations in the future.

**CLASS ALLEGATIONS**

52.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant Pridamor, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

53.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

54.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

        a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

        b.     Whether defendants thereby violated the TCPA;

        c.     Whether defendants thereby committed the tort of conversion;

10

        d.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

        e.     Whether defendants thereby converted the property of plaintiff.

55.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

56.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

57.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.     Appropriate damages;

        b.     An injunction against the further transmission of unsolicited fax advertising;

        c.     Costs of suit;

        d.     Such other or further relief as the Court deems just and proper.

11

_____
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\22809\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

13

# EXHIBIT A



# Are you a label Distributor?

# You need to read this!

# BAILOUT Label Pricing

## Thermal Transfer / Perm Adhesive / 3" Cores With Perf

| | | |
|---|---|---|
| 4" x 2" | 7004-4020 | $2.70 / 1000 |
| 4" x 3" | 7017-4030 | $3.93 / 1000 |
| 4" x 4" | 7006-4040 | $5.35 / 1000 |
| **4" x 6"** | **7007-4060** | **$7.15 / 1000** |
| 4" x 8" | 7012-4080 | $10.30 / 1000 |

## Thermal Transfer / Perm Adhesive / Fanfold

| | | |
|---|---|---|
| 4" x 6" | 7018-4060 | $7.25 / 1000 |

## Direct Thermal / Perm Adhesive / 3" Core With Perf

| | | |
|---|---|---|
| 4" x 6" | 7009-4060 | $10.45 / 1000 |

## Call us Now!

Our Experienced Sales Team Is Here To Help

Buffalo, NY          Atlanta, GA          Chicago, IL

1-800-434-1032

estimating@mplabels.com

LAW OFFICES OF

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

120 SOUTH LASALLE STREET
SUITE 1800
CHICAGO, ILLINOIS 60603
312-739-4200
FAX 312-419-0379
WEBSITE: www.edcombs.com
EMAIL: info@edcombs.com

May 15, 2009

**VIA U.S. MAIL**
Pridamor, Inc., d/b/a Media Plus
c/o Person in Charge of Office
6311 Inducon Corporate Dr.
Unit 10
Sanborn, NY 14132

Re:     *ABC Business Forms, Inc., v. Primador, Inc., d/b/a Media Plus
         and John Does 1-10*
         09 CH 16047                    ECLG File No. 22809

Dear Sir/Madam:

        Enclosed please find a copy of Plaintiff's Motion for Class Certification.

        If you have any questions, please contact me at the number listed above.

                                    Sincerely,

                                    Serafin Tagarao
                                    Paralegal

Enclosure

Atty. No. 41106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ABC BUSINESS FORMS, INC.,           )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )       09 CH 16047
                                    )
PRIDAMOR, INC., doing business as,  )
MEDIA PLUS, and JOHN DOES 1-10,     )
                                    )
        Defendants.                 )

### NOTICE OF FILING

**TO:**    Please see Certificate of Service.

        **PLEASE TAKE NOTICE** that on May 15, 2009, I caused to be filed with the Clerk of the Court for the Circuit Court of Cook County, Chancery Division, the following document: **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**, a copy of which is attached hereto and hereby served upon you.

                                    Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Julie Clark, certify that I had a copy of the foregoing document sent on May 15, 2009, by United States Mail, to:

Pridamor, Inc., d/b/a Media Plus
c/o Person in Charge of Office
6311 Inducon Corporate Dr.
Unit 10
Sanborn, NY 14132

Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Atty. No. 41106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

ABC BUSINESS FORMS, INC.,                )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )         09 CH 16047
                                         )
PRIDAMOR, INC., doing business as,       )
MEDIA PLUS, and JOHN DOES 1-10.          )
                                         )
            Defendants.                  )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, ABC Business Forms, Inc., respectfully requests pursuant to 735 ILCS

5/2-801 et seq., that this Court certify the following classes, as described in Plaintiff's Class

Action Complaint:

> All persons and entities (1) who, on or after April 21, 2005, or such shorter period during which faxes were sent by or on behalf of defendant Pridamor, Inc., d/b/a Media Plus, (2) were sent faxes by or on behalf of defendant Pridamor, Inc., d/b/a Media Plus, promoting its goods or services for sale (3) and who were not provided an "opt out" notice that complies with federal law. (*Count I*)

> All persons and entities with Illinois fax numbers (1) who, on or after April 21, 2006, or such shorter period during which faxes were sent by or on behalf of defendant Pridamor, Inc., d/b/a Media Plus, (2) were sent faxes by or on behalf of defendant Pridamor, Inc., d/b/a Media Plus, promoting its goods or services for sale (3) and who were not provided an "opt out" notice that complies with federal law. (*Count II*)

> All persons and entities with Illinois fax numbers (1) who, on or after April 21, 2004, or such shorter period during which faxes were sent by or on behalf of defendant Pridamor, Inc., d/b/a Media Plus, (2) were sent faxes by or on behalf of defendant Pridamor, Inc., d/b/a Media Plus, promoting its goods or services for sale (3) and who were not provided an "opt out" notice that complies with federal law. (*Count III*)

1

Several courts have certified class actions under the TCPA: *Sadowski v. Med1Online, LLC*, 2008 U.S. Dist. LEXIS 12372 (N.D. Ill. May 27, 2008) *Hinman v. M & M Rental Ctr.*, 521 F. Supp.2d 739 (N.D. Ill. Apr. 7, 2008) (for litigation purposes); *Display South, Inc. Express Computer Supply, Inc.*, 961 So.2d 451 (La. App. 2007); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App., 2006); *Rawson v. C.P. Partners d/b/a Comfort Inn-O'Hare*, 03 CH 15165 (Cook Co. Cir. Ct.); *Telecommunications Design Network v. McLeodUSA, Inc.*, 03 CH 8477 (Cook Co. Cir. Ct.); *CE Design v. Trade Show Network Marketing Group, Inc.*, No. 03 CH K 964 (Cir. Ct. Kane Co., Dec. 2, 2004); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH14510 (Cook Co. Cir. Ct.); *Bogot v. Olympic Funding Chicago*, No. 03 CH 11887 (Cook Co. Cir. Ct.); *Stonecrafters, Inc. v. Wholesale Life Ins. Brokerage, Inc.*, 03 CH 435 (McHenry Co. Cir. Ct.); *Rawson v. Robin Levin d/b/a The Ridgewood Organization*, 03 CH 10844 (Cook Co. Cir. Ct.) (for settlement purposes); *Kerschner v. Answer Illinois, Inc.*, 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); *Kerschner v. Murray and Trettel, Inc.*, 03 CH 21621 (Cook Co. Cir. Ct.) ( for settlement purposes); *Prints of Peace, Inc., d/b/a Printers, Inc. v. Enovation Graphic System, Inc.*, 03 CH 15167 (Cook Co. Cir. Ct.) ( for settlement purposes); *Law Office of Martha J. White, P.C. v. Morrissey Agency Inc.*, 03 CH 13549 (Cook Co. Cir. Ct.) (for settlement purposes); *Kerschner v. Fitness Image, Inc.*, 04 CH 00331 (Cook Co. Cir. Ct.) (for settlement purposes); *INSPE Associates, Ltd. v. Charter One Bank*, 03 CH 10965 (Cook Co. Cir. Ct.) (for settlement purposes); *Bernstein v. New Century Mortgage Corp.*, 02 CH 06907 (Cook Co. Cir. Ct.) (for settlement purposes); *Gans v Seventeen Motors, Inc.*, 01-L-478 (Madison Co. Cir. Ct.) (for settlement purposes); *Telecommunications Network Design, Inc. v. Paradise Distributing,*

2

*Inc.*, 03 CH 8483 (Cir. Ct. Cook Co., Feb. 1, 2006); *Nicholson v. Hooters of Augusta, Inc.*, 245

Ga.App. 363, 537 S.E.2d 468 (2000); *ESI Ergonomic Solutions, LLC v. United Artists Theatre*

*Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792

N.E.2d 547 (Ind.App. 2003); *General Repair Services of Central Indiana, Inc. v Soff-Cut*

*International, Inc.*, 49D03-0109-CP-1464 (Marion Co., Ind. Super. Ct., Feb. 22, 2002); *Gold*

*Seal v. PrimeTV*, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002); *Kenro,*

*Inc. v. APO Health, Inc.*, No. 49D12-0101-CP-000016 (Ind. Nov. 3, 2001) (same); *Biggerstaff v.*

*Ramada Inn and Coliseum*, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000); *Biggerstaff v. Marriott*

*International, Inc.*, 99-CP-10-001366 (C.P. S.C., Feb 20, 2000); *WPS, Inc. v. Lobel Financial,*

*Inc.*, No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); *Syrett v. Allstate Ins. Co.*, No. CP-02-

32-0751 (S.C.C.P. Aug. 12, 2003) (same); *Lipscomb v Wal-Mart Stores, Inc.*, No. 01-CP-20-263

(S.C.C.P. June 26, 2003) (same); *Battery, Inc. v. United Parcel Service, Inc.*, No. 01-CP-10-2862

July 26, 2002) (same); *Jemiola v. XYZ Corp.*, No. 411237 (C.P. Ohio, Dec. 21, 2001)(same);

*Salpietro v. Resort Exchange International*, No. GD00-9071 (Allegheny Co. C.P.)(same);

*Chaturvedi v. JTH Tax, Inc.*, No. CD-01-008851 (Pa. C.P. Oct 1, 2001) (same); *Dubsky v*

*Advanced Cellular Communications, Inc.*, No. 2004 WL 503757 (Ohio C.P. Feb. 24, 2004)

(same); *Inhance Corp. v. Discount Vacation Rentals*, No. LALA 004377 (Iowa Dist. Jan. 5,

2001) (same); *Inhance Corp. v. Special T Travel Services, Inc.*, No. LALA 004362 (Iowa Dist.

Dec. 8, 2000) (same). Several others were certified in a Louisiana federal court, against Kappa

Publishing Group, Monroe Systems, and Satellink Paging (The Advocate, Capital City Press,

Dec. 28, 2005, p. 1).

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order pursuant to 735 ILCS 5/2-801, certifying the classes set forth above.

Respectfully submitted,

Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

4