**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABC BUSINESS FORMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 09 C 3222 |
| v. | ) | |
| | ) | Judge Guzman |
| PRIDAMOR INC., | ) | |
| d/b/a MEDIA PLUS, | ) | Magistrate Judge Keys |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

Plaintiff ABC Business Forms, Inc. respectfully submits this memorandum in support of its motion to strike defendant Pridamor, Inc.'s ("Pridamor's") affirmative defenses 2, 4, 5 and 7.

**I.    STANDARD OF REVIEW**

Fed. R. Civ. P. 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." In the present case, defendant MEI has asserted an affirmative defenses that is "insufficient on the face of the pleadings." Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991). "Affirmative defenses are pleadings and, therefore,...must set forth 'a short and plain statement,' *Fed. R. Civ. P. 8(a)*, of the defense." Heller Financial Inc., v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989) *citing* Bobbitt v. Victorian House, Inc., 532 F.Supp. 734, 736-37 (N.D. Ill. 1982)(emphasis in original). See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (Pleading must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do.") "Even under the liberal pleading standards of the Federal Rules, an affirmative defense must include direct or inferential allegations as to all elements of the defense asserted." LaSalle Bank Nat'l Assoc. v. Paramount Props., 08 C 2081, 2008 U.S. Dist. LEXIS 98907, at *44 (N.D. Ill. Nov. 24, 2008).

A three-part test is applied to determine the sufficiency of an affirmative defense. Id. at 44-45; Davis v. Elite Mortg. Servs., 06 C 2648, 2009 U.S. Dist. LEXIS1639, at *16 (N.D. Ill. Jan. 9, 2009). The test employed is:

> First, the Court determines whether the matter pled actually constitutes an affirmative defense. Second, the Court considers whether the defense is adequately plead under the pleading standards of Federal Rules of Civil Procedure 8 and 9. Third, the Court evaluates the sufficiency of the defense pursuant to a standard identical to Rule 12(b)(6).

Id. at 44 (internal citations omitted).

To prevail on a motion to strike, the movant must show that "'there are no unresolved questions of fact, [and] that any questions of law are clear, and that under no set of circumstances could the defense succeed.'" 2008 U.S. Dist. LEXIS 98907, at *44-45 *citing* Reis Robotics USA, Inc. v. Concept Indus., Inc., 462 F.Supp.2d 897, 905 (N.D. Ill. 2006).

**II. DEFENDANT'S AFFIRMATIVE DEFENSE IS LEGALLY AND FACTUALLY INSUFFICIENT AND MUST BE STRICKEN**

    A.    <u>Defendant's 2nd Affirmative Defense Must be Stricken</u>

Defendant's second affirmative defense asserts that plaintiff has failed to preserve evidence. Defendant claims therein that plaintiff has not appended the subject fax in its original form and has failed to provide defendant with the ability to inspect the original. However, as plaintiff alleged in its complaint, it received the fax attached thereto as Exhibit A on it s fax

machine. Defendant has asserted no facts or evidence to contradict this and consequently its second affirmative defense should be stricken.

   B.  <u>Defendant's 4th Affirmative Defense Must be Stricken</u>

   Defendant's fourth affirmative defense states: "Upon information and belief the claims of plaintiff and members of the alleged class are barred by laches." Defendant asserts that plaintiff and the class members unreasonably delayed in bringing the action such that there has been injury or prejudice. This affirmative defense fails to set forth the "specific allegations in the pleadings that satisfy the elements of [the] defense." <u>Davis v. Elite Mortg. Servs.</u>, 06 C 2648, 2009 U.S. Dist. LEXIS1639, at *17 (N.D. Ill. Jan. 9, 2009). This affirmative defense is inadequately pled and fails to meet the pleading requirements of Fed. R. Civ. P. 8(a) and does not offer any facts to support the defense. "Defendant must show that Plaintiff unreasonably delayed the action and caused harm or prejudice to the Defendant." <u>Northern Trust Co. v. Hedges</u>, 07 C 5592, 2008 U.S. Dist. LEXIS 60258, at *7 (N.D. Ill. July 24, 2008). Defendant has not shown either element in this case. Further, laches generally applies only to equitable relief. "Laches is an equitable defense and must be pled 'with particularity.'" <u>National Council on Compensation Ins., Inc. v. American International Group, Inc.</u>, 07 C 2898, 2009 U.S. Dist. LEXIS 14524, at *25 (N.D. Ill. Feb. 23, 2009) *citing* <u>Microthin.com, Inc. v. Siliconezone USA, LLC</u>, 2006 U.S. Dist. LEXIS 82976, at *10 (N.D. Ill. Nov. 14, 2006). This affirmative defense is conclusory and must be stricken.

   C.  <u>Defendant's 5th Affirmative Defense Must be Stricken</u>

   Defendant's fifth affirmative defense states: "Any cause of action alleged in the Complaint in barred by the doctrines of wavier and estoppel." None of these affirmative

defenses set forth the "specific allegations in the pleadings that satisfy the elements of either defense." Davis v. Elite Mortg. Servs., 06 C 2648, 2009 U.S. Dist. LEXIS1639, at *17 (N.D. Ill. Jan. 9, 2009). These affirmative defenses are nondescript and, "The court is left to speculate as to which aspects of plaintiff's behavior constituted 'voluntary relinquishment of a known right, claim or privilege' or 'knowledge at the time the representations were made that the representations were untrue." Id. *citing* Vaughn v. Speaker, 126 Ill.2d 150, 161-62 (1988). Estoppel, which is necessarily based on reliance on some representation or act of the party that is estopped, cannot be present in a "junk fax" case.

        D.        Defendant's 7th Affirmative Defense Must be Stricken

Defendant's 7th affirmative defenses provides, "The TCPA violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution." No Court has held that the TCPA is unconstitutional and therefore, this affirmative defense would not survive a Fed. R. Civ. P. 12(b)(6) motion. Defendant has not brought such a motion in this case on these grounds or any other ground.

Excessive fines arguments have been rejected by other courts in considering whether the TCPA violates due process. See, Centerline Equipment Corp. v. Banner Personnel Servs., 545 F.Supp.2d 768, 777-78 (N.D. Ill. 2008); Phillips Randolph Enterprises, LLC v. Rice Fields, 2007 U.S. Dist. LEXIS 3027 (N.D.Ill. Jan. 11, 2007); Kenro, Inc. v. Fax Daily, Inc., 962 F.Supp. 1162, 1165 (S.D. Ind.1997); State of Texas v. American Blastfax, Inc., 121 F.Supp.2d 1085 (W.D.Tex. 2000); Kaufman v. ACS Systems, Inc., 110 Cal.App.4th 886, 2 Cal.Rptr.3d 296 (2003); Harjoe v. Herz Financial, 108 S.W.3d 653 (Mo. 2003).

Based on the foregoing, this affirmative defense must be stricken.

For the foregoing reasons, defendant has failed to adequately plead each of these equitable affirmative defenses and thus, they must be stricken.

## III. CONCLUSION

In sum, plaintiff respectfully request that this Court strike defendant's affirmative defenses 2, 4, 5 and 7.

Respectfully submitted,

  s/ Julie Clark  
Julie Clark

Daniel A. Edelman  
Julie Clark  
EDELMAN, COMBS, LATTURNER  
        & GOODWIN, LLC  
120 S. LaSalle Street, 18th Floor  
Chicago, IL 60603  
(312) 739-4200  
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

      I, Julie Clark, certify that on July 27, 2009, I caused a true and accurate copy of the foregoing document to be served upon the parties listed below through the Court's CM/ECF system:

Eric Samore
Erin Anne Walsh
Michael J. McGowan
Camille M. Knight
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL  60601
esamore@osalaw.com
ewalsh@salawus.com
mmcgowan@salawus.com
cknight@salawus.com


William Glenn Beatty
Garrett L Boehm, Jr.
Meghan McKenna Sciortino
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, IL 60603
beattyw@jbltd.com
boehmg@jbltd.com
sciortinom@jbltd.com

                                      /s/Julie Clark
                                      Julie Clark


Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)