**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ABC BUSINESS FORMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 09 C 3222 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| PRIDAMOR, INC., d/b/a MEDIA PLUS, JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

ABC Business Forms, Inc. has sued Pridamor, Inc. for its alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/2, and for conversion. The case is before the Court on defendant's Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the ICFA and conversion claims and plaintiff's motion pursuant to Rule 12(f) to strike defendant's second, fourth, fifth and seventh affirmative defenses. For the reasons set forth below, the Court grants in part and denies in part defendant's motion and grants in part and strikes as moot in part plaintiff's motion.

**Facts**

Sometime before April 21, 2009, defendant faxed to plaintiff, and other Illinois residents, a one-page, unsolicited advertisement. (Compl. ¶¶ 7, 12.) Plaintiff did not have a relationship with defendant and had not authorized or invited it to send the fax. (*Id.* ¶ 11.) Plaintiff alleges that by

foisting the advertisement and the costs associated with it on plaintiff and other unwilling recipients, defendant has converted plaintiff's property and violated both state and federal law. (*Id.* ¶¶ 33-37.)

**Discussion**

On both a Rule 12(b)(6) motion to dismiss and a Rule 12(f) motion to strike, the Court accepts as true all well-pleaded factual allegations, drawing all reasonable inferences in the non-movant's favor. *Forseth v. Vill. of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000); *United States v. 416.81 Acres of Land*, 514 F.2d 627, 630-31 (7th Cir. 1975). A pleading attacked under either Rule need not contain "detailed factual allegations," but must set forth enough information to raise the party's right to relief or invoke the defense "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (quotation omitted).

**Motion to Dismiss**

Among other things, the ICFA prohibits the use of unfair practices in connection with trade or commerce.[1] 815 Ill. Comp. Stat. 505/2. A practice is unfair within the meaning of ICFA, if it "offends public policy," is "immoral, unethical, oppressive, or unscrupulous" or "causes substantial injury to consumers." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 669 (7th Cir. 2008) (quotation omitted). A practice can be unfair "because of the degree to which it meets one of the[se] criteria or because to a lesser extent it meets all three." *Id.* (quotation omitted).

---

[1]Because plaintiff claims defendant engaged in an unfair practice, not a deceptive one, Rule 9(b) does not apply. *See Centerline Equip. Corp. v. Banner Personnel Serv., Inc.*, 545 F. Supp. 2d 768, 779 (N.D. Ill. 2008).

Defendant's conduct offends public policy if "it violates a standard of conduct set out by an existing statute or common law doctrine that typically governs such situations." *W. Ry. Devices Corp. v. Lusida Rubber Prods.*, No. 06 C 0052, 2006 WL 1697119, at *4 (N.D. Ill. June 13, 2006). Sending an unsolicited fax advertisement violates the TCPA and is a petty offense under Illinois law. *See* 47 U.S.C. § 227(b)(1)(C); 720 Ill. Comp. Stat. 5/26-3(b). Thus, defendant's alleged conduct offends public policy.

Defendant's conduct is immoral, unethical, oppressive, or unscrupulous if "it imposes a lack of meaningful choice or an unreasonable burden" on the consumer. *See Centerline*, 545 F. Supp. 2d at 780 (N.D. Ill. 2008). Whether the transmission of an unsolicited fax does so has been answered differently by courts in this district. *Compare Rossario's Fine Jewelry, Inc. v. Paddock Publ'ns, Inc.*, 443 F. Supp. 2d 976, 979 (N.D. Ill. 2006) (holding that the fax transmission of one unsolicited advertisement is not oppressive within the meaning of the ICFA) *and W. Ry. Devices Corp*, 2006 WL 1697119 at *5 (same), *with Centerline*, 545 F. Supp. 2d at 780 (holding that the fax transmission of one unsolicited advertisement is oppressive because the recipient cannot avoid the fax or the costs its receipt imposes on him), *R. Rudnick & Co. v. G.F. Prot., Inc.*, No. 08 C 1856, 2009 WL 112380, at *2 (N.D. Ill. Jan. 15, 2009) (same) *and Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 2224892, at *6-7 (N.D. Ill. May 27, 2008) (same). The Court agrees with the reasoning of the latter cases, and thus, holds that the plaintiff has alleged an oppressive practice.

Finally, defendant argues that its fax transmission, which occupied plaintiff's fax machine only briefly and consumed a negligible amount of its paper and ink, did not cause plaintiff substantial injury. But the substantial injury inquiry, which is derived from the Federal Trade Commission's analysis of unfair trade practices, asks "whether [the contested practice] causes substantial injury to

consumers (or competitors or other businessmen)," not just to the individual plaintiff. *F.T.C. v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 n.5 (1972); *see* 815 Ill. Comp. Stat. 505/2 ("In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."). Plaintiff alleges that defendant has a practice of sending unsolicited faxes in "mass broadcast[s]" and has sent such faxes to at least forty people in Illinois. (Compl. ¶¶ 1, 7, 12-13.) Those allegations are sufficient to satisfy the substantial injury element of the unfairness analysis. *Centerline*, 545 F. Supp. 2d at 781.

In short, the Court concludes that plaintiff has adequately alleged that defendant engages in an unfair practice within the meaning of the ICFA. Defendant's motion to dismiss Count II is, therefore, denied.

Defendant also asks the Court to dismiss plaintiff's conversion claim. To state such a claim, plaintiff must allege that it has a right to immediate possession of property, has made a demand for it and defendant has "wrongfully and without authorization assumed control, dominion, or ownership over [it]." *Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998). Defendant says plaintiff cannot allege the last element because it neither possesses nor controls plaintiff's fax machine, paper or ink.

The Court disagrees. The wrongful control element is met not only when a defendant wrongfully possesses plaintiff's property, but when he "'destroys [it] or so materially alters its physical condition as to change its identity or character.'" *Loman v. Freemen*, 874 N.E.2d 542, 552 (Ill. App. Ct. 2006) (quoting Restatement (Second) of Torts § 226) (emphasis omitted), *aff'd*, 890 N.E.2d 446 (Ill. 2008). Such is the case here because, as the *Centerline* court put it, "once paper has

4

had an advertisement printed upon it, it is no longer useable for other purposes, nor can the ink be recovered for reuse." 545 F. Supp. 2d at 782

Lastly, defendant argues that plaintiff's loss is too small to be actionable. This time the Court agrees. Though aggregate harm to consumers is relevant in determining whether a practice is unfair under the ICFA, the viability of plaintiff's conversion claim depends on its alleged injury alone. That injury, momentary occupation of its fax machine and the deprivation of a single sheet of paper and the toner required to generate print on it, is too small to support legal action. *See People v. Durham*, ___ N.E.2d ___, 2009 WL 1846539, *2 (Ill. App. Ct. June 25, 2009) (stating that "[t]he maxim *de minimis non curat lex* (The law does not concern itself with trifles) retains force in Illinois" and places "outside the scope of legal relief . . . 'injuries' that are so small that they must be accepted as the price of living in society." (quotations omitted)); *Rossario's*, 443 F. Supp. 2d at 980 (dismissing a claim for conversion of "ink or toner and paper . . . that were consumed in generating [a] one-page fax" as de minimis). Defendant's motion to dismiss the Count III is granted.

**Motion to Strike**

In response to plaintiff's motion, defendant has withdrawn its fourth and fifth affirmative defenses but contends that its second and seventh defenses should stand. The Court disagrees. "[S]poliation of evidence," asserted as the second affirmative defense, may be the basis for sanctions, but it does not "give rise in civil cases to substantive claims or defenses." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). Similarly, the Eighth Amendment's prohibition on excessive fines, which is the basis for the seventh affirmative defense, "does not constrain an award of money damages in a civil suit" between private parties. *Browning-Ferris Indus. of Vt., Inc. v.*

*Kelco Disposal, Inc.*, 492 U.S. 257, 264 (1989). Thus, the Court strikes defendant's second and seventh affirmative defenses.

## Conclusion

For the reasons set forth above, the Court: (1) grants in part and denies in part defendant's motion to dismiss [doc. no. 24] and dismisses Count III with prejudice; (2) grants in part and strikes as moot in part plaintiff's motion to strike [doc. no. 31], strikes defendants' second and seventh defenses, and strikes the motion as moot with respect to the fourth and fifth defenses, which defendant has withdrawn.

**SO ORDERED.**  **ENTERED:**

**December 1, 2009**

_____  
**HON. RONALD A. GUZMAN**  
**United States District Judge**