UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ABC BUSINESS FORMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 3222 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| PRIDAMOR INC., | ) | Magistrate Judge Keys |
| d/b/a MEDIA PLUS, | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between ABC Business Forms, Inc. ("Plaintiff"), individually and on behalf of the Class (as defined in Paragraph 1 below) and defendant Pridamor, Inc., d/b/a Media Plus ("Pridamor" or "Defendant").

### RECITALS

A.  Plaintiff filed a lawsuit in the Circuit Court of Cook County, which was removed to the United Stated District Court for the Northern District of Illinois, and which is currently captioned *ABC Business Forms, Inc. v. Pridamor, Inc.*, No. 09 C 3222 (the "Litigation").

B.  Plaintiff brought the Litigation after receiving a facsimile promoting the availability of printing/label supplies for purchase from Pridamor. Plaintiff has alleged that the facsimile was an unsolicited advertisement sent in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and in alleged violation of state law, and sought damages individually and on behalf of a putative class.

C.  Based on the information and facts known to Class Counsel (as defined below), and upon consideration of the benefits that this Settlement Agreement affords Plaintiff

and the Class, Class Counsel considers it to be in the best interests of Plaintiff and the Class to enter into this Settlement Agreement.

    D.  Defendant expressly denies any wrongdoing and any liability whatsoever to Plaintiff and the Class. Defendant has concluded, however, that it is also in its best interest to settle the Litigation on the terms set forth herein in order to avoid further expense, delays, burdens, uncertainties and risks of litigation, and to put to rest all claims, known or unknown, that have been brought or might have been asserted by Plaintiff or Class Members concerning the allegations raised in the Litigation.

    Now therefore, in consideration of the foregoing recitals, which are incorporated into and made part of this Agreement (and subject to the approval of the Court), the Parties agree as follows:

## AGREEMENT

  **1.**  **Class Definition and Conditional Certification for Settlement Purposes.** For settlement purposes only, the parties stipulate to the certification of a class (the "Class") defined as follows:

> All persons and entities who, during March 2009, received faxes on facsimile machines owned by that person or entity from or on behalf of Pridamor, Inc. promoting the availability of its goods, programs, or services.

For the purpose of this Settlement Agreement, the term "facsimile machines" includes computers receiving facsimile transmissions. Based on the records maintained by the Defendant, the Class consists of 130 members. The law firm of Edelman, Combs, Latturner & Goodwin, LLC will serve as Class Counsel.

  **2.**  **Settlement Fund.** Defendant will provide the following relief to Plaintiff and the Class. The Defendant shall create a Class "Settlement Fund" in the amount of $34,000 (Thirty four thousand dollars). The $34,000 constituting the Settlement Fund is the maximum amount that Defendant will have to pay under this Settlement Agreement. Within 10 (ten) business days of the entry of an order granting Final Approval to this Settlement Agreement, as

set forth in Paragraph 10, the Defendant shall deliver the full amount of the Settlement Fund to Class Counsel. The Settlement Fund shall be distributed as follows:

    a.    Payment of $2,500 to Plaintiff ABC Business Forms, Inc.

    b.    Payment of all costs and expenses of notice to the Class and administration of this Settlement Agreement.

    c.    Payment of attorney's fees and costs to Class Counsel in an amount approved by the Court, not to exceed 30% of the Settlement Fund. Defendant agrees not to oppose a request for attorney's fees and costs to Class Counsel in an amount not to exceed 30% of the Settlement Fund.

    d.    All amounts remaining after the payments set forth in the prior three subparagraphs shall be divided equally among the Settlement Class members who timely submit a claim form. To the extent the total payments to eligible Settlement Class members exceed the remaining amount of the Settlement Fund (after deduction of the payments set forth in the prior three subparagraphs), each claimant will receive its *pro rata* share of the remaining Settlement Fund. Settlement Class members shall be paid by a check that shall be void 90 days after the date of issuance.

    e.    Any amount of the Settlement Fund that remains as undistributed, including any sums remaining in the Settlement Fund as the result of the failure of Class Members to cash checks made payable to them within the time limits prescribed under subparagraph d, shall be paid as a *cy pres* to the Legal Assistance Foundation of Metropolitan Chicago.

    3.    **Notice to Class and Claims Administration.** Class Counsel shall be responsible for giving notice of this Settlement Agreement to the Class, for all administration of the claim forms returned by members of the Class, for making payment of the expenses of such administration (subject to reimbursement from the Settlement Fund), and for making the disbursements from the Settlement Fund authorized in Paragraph 2 of this Settlement Agreement. Class Counsel shall retain all documents and records generated during its administration of the settlement – including records of notice given to Class Members, confirmations of transmittals of such notices by facsimile, unconfirmed facsimile transmissions, records of undelivered mail, claim forms, and payment to Class Members – for a period of at

3

least two years following the issuance of an order dismissing the Litigation with prejudice, and the expiration of all deadlines for appeal from such order.

4. **Preliminary Approval.** The Plaintiff shall file an unopposed motion with the Court requesting Preliminary Approval of the Settlement Agreement and shall request the entry of a Preliminary Approval Order, substantially in the form of <u>Exhibit A</u>, preliminary approving this Settlement Agreement. Such Preliminary Approval Order shall:

a. preliminarily find that the parties' Settlement Agreement has been negotiated in an arms' length manner and that the Settlement Agreement is fair, reasonable, and adequate;

b. find that the Notice in the form of <u>Exhibit B</u> described below is: (i) the best form of notice in these circumstances; (ii) reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of this action; (iii) the only notice required, and (iv) that such notice satisfies the requirements of due process, Illinois law, and FED. R. CIV. P. 23;

c. find that the procedure for the members of the Class to submit a Claim, object to, or request exclusion from the Class, is fair, reasonable, and adequate; and

d. schedule a hearing date for the Final Approval of this Settlement Agreement to occur approximately 30 days following the deadline for Class Members to submit Claim forms, opt out, or object to the Settlement Agreement.

5. **Class Notice.** If the Court enters the Preliminary Approval order described in Paragraph 4, then within five (5) business days after entry of such Order, Defendant shall, to the extent known to Defendant and not already provided pursuant to discovery in this action, provide Class Counsel with a list of the names, facsimile numbers, and last known addresses (to the extent known by Defendant) of the members of the Class as defined in Paragraph 1. Class Counsel will cause notice to be sent to all members of the Class by facsimile within 30 days of the entry of the Preliminary Approval Order. In the event that a facsimile transmission to any member of the Class is not confirmed as successful, Class Counsel will provide notice to any such Class member for whom a mailing address is known, by any form of

4

U.S. mail that provides for forwarding. If any Class Notice is returned to Class Counsel with an address correction, Class Counsel will cause the Class Notice to be re-mailed to the new address within three business days. The parties will request approval by the Court of the Class notice substantially in the form of Exhibit B to this Settlement Agreement.

6. **Claim Form.** In order to be eligible for a distribution from the Settlement fund pursuant to Paragraph 2(d) of this Settlement Agreement, Class members must complete and return a Claim Form in the form contained within <u>Exhibit B</u> to this Settlement Agreement within the time limits set out in the Preliminary Approval Order. Such Claim Form shall be signed by the Class Member, will include a verification of the Class Member's facsimile number, and shall aver that the Class member did in fact receive one or more facsimiles from Pridamor, Inc., to the best of his or her recollection, and that the Class Member was the owner of the facsimile machine on which such facsimile(s) was/were received.

7. **Deceased Class Members.** In the event that a Class Member, as defined in Paragraph 1 of this Settlement Agreement, is deceased, but the Class Member's duly appointed representative submits a Claim Form, Class Counsel shall send, or cause to be sent, a check to the person reasonably believed to be entitled to receive it notwithstanding any provision of state law relating to probate and/or marital property.

8. **Exclusion and Objections.** Any notices of objections to this Settlement Agreement or requests for exclusion from the Settlement Agreement shall be sent to Class Counsel at the following address:

> EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
> Julie Clark
> 120 S. LaSalle Street, Suite 1800
> Chicago IL 60603
> (312) 419-0379 (fax)

Class Counsel shall provide copies of any notices of objection or requests for exclusion to counsel for Defendant within three business days of receipt.

9. **Costs.** Class Counsel will advance any and all expenses and costs necessary for providing notice to the Class as set forth in Paragraph 5 of this Settlement Agreement, subject to reimbursement from the Settlement Fund. These expenses and costs and all other expenses and costs associated with notice to the Class members and issuance of settlement checks shall be deducted from the Settlement Fund prior to distribution.

10. **Final Approval.** The Plaintiff shall petition the Court to hold a final hearing upon and enter a Final Approval Order, substantially in the form of Exhibit C, on a date fixed by the Court consistent with the requirements of the Class Action Fairness Act. The Final Approval Order shall:

   a. find that the notice given to Class members in this action: (i) is the best form of notice in these circumstances; (ii) is reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of this action; (iii) satisfies the requirements of due process, and (iv) satisfies the requirements of all applicable state laws and FED. R. CIV. P. 23;

   b. find that the Settlement Agreement is fair, reasonable and adequate to the Class, find that each member of the Class (except those who have excluded themselves) shall be bound by this Settlement Agreement, including the Release in Paragraph 13 and conclude that this Settlement Agreement should be and is approved;

   c. address Class Counsel's request for attorney's fees and costs;

   d. order the Defendant to deliver sums equal to the Settlement Fund to Class Counsel within 10 business days of entry of the Final Approval Order; and

   e. order Class Counsel to hold the Settlement Fund in Trust until the Effective Date of the Settlement Agreement, as defined in Paragraph 12, below, and, in the event that the order of Final Approval is reversed or vacated on appeal or vacated or withdrawn by the District Court to return the Settlement Fund to the Defendant within three (3) business days.

11. **Dismissal With Prejudice.** After receipt by Class Counsel of the payment of the Settlement Fund, as set forth in Paragraph 2 of this Settlement Agreement, and within three (3) business days after such funds clear, the counsel for the Parties shall file an agreed motion requesting that the Court dismiss the Litigation with prejudice and without costs

(other than such costs payable from the Settlement Fund, as authorized by the Court as part of the Final Approval Order).

12. **Effective Date.** The Settlement Agreement shall be deemed effective on the latest of:

a. Thirty-five (35) days after the entry of an Order dismissing the Litigation with prejudice, if no pleadings are filed within the time limitations imposed by the Federal Rules of Civil and Appellate Procedure seeking appeal, review or rehearing of the Final Approval Order; or

b. If such pleadings are filed, ten (10) days after the date upon which all appellate and other proceedings resulting from such pleadings (including the time for filing all petitions for rehearing and for appeal to the state courts of review or the United States Supreme Court) have been finally terminated in such a manner as to permit the Final Approval Order to take effect.

Class Counsel shall distribute the Settlement Funds in accordance with the provisions of the Final Approval Order within 21 days of the Effective Date

13. **Release.** Subject to the approval of this Settlement Agreement by the Court, Plaintiff individually and the Class members will grant Defendant the following release:

Plaintiff and each member of the Class not opting out, and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, members, managers, partners, principals, representatives, employees, agents, and personal representatives, as of the Effective Date of the Settlement Agreement, do hereby release and forever discharge Defendant Pridamor, Inc. and all of its present or former predecessors, successors, subsidiaries, and affiliates, and all of its officers, directors, partners, members, principals, insurers, including, but not limited to Continental Casualty Company, insureds, representatives, employees, agents, shareholders, attorneys, servants, and assigns ("Released Parties") of and from all claims, demands, causes of actions, suits, damages, fees (including attorney's fees), and expenses arising out of or relating to the transmittal of facsimiles whether or not asserted in the Litigation and whether arising under the TCPA, or other federal, state, or

7

municipal statutory, regulatory, or common law, including without limitation the claims alleged in the original Complaint and the Amended Complaint.

14. **Release of Attorney's Lien.** In consideration of this Settlement Agreement, Class Counsel, hereby waive, discharge and release the "Released Parties" as defined in Paragraph 13, above, of and from any and all claims for attorney's fees and legal expenses, by lien or otherwise, for legal services rendered by Class Counsel in connection with this case. Class Counsel further represent and certify that they will pay any amounts due for attorney's fees pursuant to any agreement with referring counsel, and indemnify and hold the Released Parties harmless from any such claim.

15. **Duty of Cooperation.** The parties and their attorneys agree to cooperate fully with one another in seeking Court approval of Settlement Agreement and to use their best efforts to effect the consummation of this Settlement Agreement and the settlement provided for herein.

16. **Representations.** Edelman, Combs, Latturner & Goodwin, LLC affirms that it is not currently representing any other potential plaintiff in a claim related to the transmission of unsolicited fax advertising against Defendant Pridamor, Inc, is not currently aware of any such claims, and will not solicit any TCPA claims against Pridamor, Inc. Plaintiff represents that it is not currently aware of any other potential plaintiffs having claims against Defendant Pridamor, Inc. related to the transmission of unsolicited fax advertisements.

17. **Potential Changes to Attachments.** The parties agree to request that the Court approve the forms of Preliminary Approval Order attached hereto as <u>Exhibit A</u>, Notice to the Class attached hereto as <u>Exhibit B</u>, and Final Approval Order attached hereto as <u>Exhibit C</u>. The fact that the Court may require non-substantive changes in the Class Notice, Preliminary Approval Order, or Final Approval Order does not invalidate this Settlement Agreement.

18. **Settlement not Approved.** If this Settlement Agreement is not approved by the Court or for any reason does not become effective, or if any portion of this Settlement Agreement is modified or declared invalid by a court on appeal, the entire Settlement Agreement shall be deemed null and void and shall be without prejudice to the rights of the parties hereto

and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

19. **Entire Agreement.** This Settlement Agreement constitutes the full and entire agreement between the parties with regard to the subject hereof, and supersedes any prior representations, promises, or warranties (oral or otherwise) made by any party. No party shall be liable or bound to any other party for any prior representation, promise or warranty (oral or otherwise) except for those expressly set forth in this Settlement Agreement.

20. **Successors.** Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff, the members of the Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

21. **Counterparts.** This Settlement Agreement may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all purposes and shall be binding on the party which executed it. For convenience, the several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Settlement Agreement may be treated as originals.

22. **Joint Preparation.** This Agreement shall be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

23. **Miscellaneous Provisions.** Whether or not this Settlement Agreement and the settlement contemplated hereunder are consummated, this Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever.

24. **Governing Law.** This Agreement is intended to and shall be governed as if a contract executed under the laws of the State of Illinois.

IN WITNESS HEREOF, the undersigned have executed this Settlement Agreement as of the date provided.

On behalf of Plaintiff and the Class
ABC Business Forms, Inc.

By: _____  3/12/10
    Steve Strauss, President

For Class Counsel with respect to the release of attorney's lien and Approval as to form:

_____
Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN LLC
120 South LaSalle Street, Suite 1800
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

For Pridamor, Inc.

By: _____
    Chris Moffitt, President

**Approved as to form:**

_____
Eric Samore
Albert M. Bower
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601
312-894-3210 (fax)
*Attorney for Defendant Pridamor, Inc.*

10

IN WITNESS HEREOF, the undersigned have executed this Settlement Agreement as of the date provided.

On behalf of Plaintiff and the Class
ABC Business Forms, Inc.

By: _____
Steve Strauss, President

For Class Counsel with respect to the release of attorney's lien and Approval as to form:

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN LLC
120 South LaSalle Street, Suite 1800
Chicago IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

For Pridamor, Inc.

By: _____
Chris Moffitt, President

Approved as to form:

_____
Eric Samore
Albert M Bower
SmithAmundsen LLC
150 North Michigan Avenue
Suite 3300
Chicago, IL 60601
312-894-3210 (fax)
*Attorney for Defendant Pridamor, Inc.*

10