# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ABC BUSINESS FORMS, INC., ) | |
| ) | |
| Plaintiff, ) | 09 C 3222 |
| ) | |
| v. ) | Judge Guzman |
| ) | |
| PRIDAMOR INC., ) | Magistrate Judge Keys |
| d/b/a MEDIA PLUS, ) | |
| and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

## FINAL APPROVAL ORDER

On March 31, 2010, this Court preliminarily approved the Class Settlement Agreement reached between ABC Business Forms, Inc. ("Plaintiff") and Pridamor, Inc., d/b/a Media Plus ("Pridamor" or "Defendant").

The Court approved a form of notice for the class. The Court is informed that actual notice was sent by facsimile to 116 Class Members. There were 12 transmissions that were not successful. Of the 12 Class Members for whom there was no confirmed receipt of the faxed transmission of the notice, Class Counsel provided notice by mail to the 10 Class Members for whom mailing addresses were known. Of those mailed notices, a total of 1 envelope were returned by the United States Postal Service marked not deliverable with no forwarding addresses available. No Class members requested exclusion or filed objections. A total of 8 Class members submitted valid claim forms in advance of the June 16, 2010 and 1 valid claim from was received past the June 16, 2010 deadline.

On July 23, 2010, the Court held a fairness hearing to which Class members, including any with objections, were invited.

1

The Court, being fully advised in the premises, **Hereby Orders**:

1. The Court finds that the Class covered by the Settlement Agreement, and previously certified by the Court is appropriate under FED. R. CIV. P. 23.

2. The Court finds that the provisions for notice to the Class (i) are the best form of notice in these circumstances; (ii) are reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of this action; (iii) are the only notices required, and (iv) satisfy the requirements of all applicable state laws, FED. R. CIV. P. 23 and due process.

3. The Court hereby permits the 1 Class Member who submitted claim form after the deadline of June 16, 2010 to participate in the distribution of the Settlement Fund.

4. The Court finds that the settlement is fair and reasonable, and hereby approves the **CLASS SETTLEMENT AGREEMENT** submitted by the parties, including the release and the payment by Defendant to create a Settlement Fund of $34,000.00. The Court further approves of the distribution of the Settlement Fund as follows:

   a. Payment of $2,500 to Plaintiff ABC Business Forms, Inc.

   b. Payment of costs and expenses of notice to the Class and administration of this Settlement Agreement.

   c. Payment of attorney's fees and costs to Class Counsel in the amount of $10,280.74.

   d. The balance of the Settlement Fund, after payment of subparagraphs a-c of this Paragraph, shall be distributed *pro rata* among those members of the Class who returned a duly executed claim form that was timely or otherwise specifically approved by the Court, with a maximum payment of

      $2652.40 per Class Member who timely returned such a duly executed claim form. Class members shall be paid by check void 90 days after issuance.

  e. Any amount of the Settlement Fund that remains as undistributed, including all sums remaining in the Settlement Fund as the result of the failure of Class members to cash checks made payable to them within the time limits prescribed under subparagraph d, shall be paid as a *cy pres* distribution with one half of the amount going to the Legal Assistance Foundation of Metropolitan Chicago and one half of the amount going to The Children's Clinic, sponsored by the Oak Park River Forest Infant Welfare Society, (OPRFIWS).

5. Release:

As of the Effective Date, Plaintiff and the Class Members grant Defendant the following release:

Plaintiff and each member of the Class not opting out, and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, affiliates, officers, directors, shareholders, members, managers, partners, principals, representatives, employees, agents, and personal representatives, as of the Effective Date of the Settlement Agreement, do hereby release and forever discharge Defendant and all of its present or former predecessors, successors, subsidiaries, and affiliates, and all of its officers, directors, partners, members, principals, insurers, including, without limitation, the Continental Casualty Company, insureds, representatives, employees, agents, shareholders, attorneys, servants, and assigns ("Released Parties") of and from all claims, demands, causes of actions, suits, damages, fees (including attorney's fees), and expenses arising out of or

3

relating to the transmittal of facsimiles whether or not asserted in the Litigation and whether arising under the TCPA, or other federal, state, or municipal statutory, regulatory, or common law, including without limitation the claims alleged in the original Complaint and the Amended Complaint.

7. No Class Member has opted of or is excluded from the Settlement Agreement.

8. The Court finds the Agreement fair and made in good faith.

9. The Court directs the Defendant to deliver sums equal to the Settlement Fund to Class Counsel within 10 business days of today, on or before August 6, 2010.

10. The Court orders Class Counsel to hold the Settlement Fund in Trust until the Effective Date of the Settlement Agreement, as defined in Paragraph 12 of the Settlement Agreement. In the event that the order of Final Approval is withdrawn or vacated by this Court or reversed or vacated on appeal, Class Counsel shall return the Settlement Fund to the Defendant within three (3) business days.

12. Within three (3) business days after Class Counsel's deposit of the Settlement Funds has cleared, the counsel for the Parties shall file an agreed motion requesting dismissal of the Litigation with prejudice and without costs (other than such costs payable from the Settlement Fund, as authorized by the Court as part of this Final Approval Order).

13. Class Counsel shall distribute the Settlement Funds in accordance with the provisions of this Final Approval Order within 21 days of the Effective Date of the Settlement, as defined in paragraph 12 of the Settlement Agreement.

DATE: 7/30/2010        ENTERED: _____
                                The Honorable Ronald A. Guzman
                                United States District Judge